Eastern District of Kentucky
**FILED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

JAN 21 2020

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 5:18-CR-81-REW

UNITED STATES OF AMERICA                        PLAINTIFF

V.                      **PLEA AGREEMENT**

AUSTIN EDWARD NEDVED                        DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1 and 24 of the Superseding Indictment [DE 249] charging a violation of 18 U.S.C. § 1962(d), Conspiracy to Commit a RICO Offense, and 18 U.S.C. § 1028A, Aggravated Identity Theft. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss the remaining counts as against the Defendant.

2. The essential elements of 18 U.S.C. § 1962(d) are:

    (a) That the defendant knowingly agreed to conduct or participate, directly or indirectly, in the affairs of the charged enterprise through a pattern of racketeering activity;

    (b) That the enterprise was established;

    (c) That the enterprise engaged in, or its activities affected, interstate or foreign commerce; and

    (d) That the defendant was employed by, or associated with, the enterprise.

3. The essential elements of 18 U.S.C. § 1028(A) are:

    (a) That the Defendant knowingly transferred, possessed, or used the means of identification of another person;

    (b) That the Defendant did not have the lawful authority to transfer, possess, or use the means of identification; and

    (c) That the Defendant knowingly transferred, possessed, or used the means of identification of another person during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), including wire fraud.

4. As to Counts 1 and 24, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

    (a) The Defendant, Austin Edward Nedved, is a United States citizen, who used monikers such as "USMC1991", "nedvedtechnologies", "thatwhitecollarthuglyfe", and "jimmyglynn494159" online. He was associated with and employed by the Alexandria Online Auction Fraud ("AOAF") Network, an enterprise as defined by 18 U.S.C. § 1961(4).

    (b) In or about February 2015, a Confidential Source ("CS") contacted the Defendant, who was using the moniker "USMC1991" on localbitcoins.com. Conversations ensued between the CS and the Defendant over other platforms, including online encrypted chat platforms, telephone, email, Facebook messenger, and Skype. Over the course of their relationship, the CS and the Defendant entered an agreement to convert funds from Money Orders, cashier's checks, and OneVanilla gift cards and other payment forms into more liquid methods of payment including cash and bitcoin. The Defendant knew that victims of fraud were wiring or mailing these funds, and he employed at least one other individual to assist in receiving the victim funds and converting the funds to cash or bitcoin to send to the CS, located in the Eastern District of Kentucky.

    (c) The Defendant knew the funds were the proceeds of online auction fraud and voluntarily joined the scheme, which he knew involved other U.S.-based co-conspirators also laundering funds in furtherance of the scheme. To defraud U.S. citizens through online auction fraud, foreign co-conspirators used the internet to post advertisements for goods to auction websites, including eBay, and sales websites, including Craigslist. When the foreign co-conspirators convinced victims to purchase the falsely advertised goods, they sent the victims invoices for payment that appeared to be from legitimate sellers. For a fee, the Defendant, working with

2

the CS, received these victim funds and converted the funds into more fungible methods of payment, which enabled quick delivery of the proceeds back to the foreign co-conspirators. The proceeds flowed through the Eastern District of Kentucky. The Defendant's conduct promoted the AOAF Network's fraud and money laundering operations, by helping to conceal the source, nature, location, ownership, and control of the proceeds.

(d) The Defendant had provided the CS with the addresses for P.O. Boxes in and around Massachusetts and the name of fake identities, which the CS sent to foreign co-conspirators to use in the underlying fraud. For example, on November 9, 2015, the Defendant provided the CS with address information for a Post Office box in Massachusetts, to receive money orders. On August 18, 2016, the Defendant provided the CS with address information for E.Z. to receive cashier's checks.

(e) In September 2016, the Defendant provided the CS with a list of identities he purported to have purchased off Alphabay, a now-defunct Dark Web market known for selling illicit merchandise, including packages of fake identities. One such identity was that of T.M., a real person with those identifiers who did not consent to the sale or use of identifying information. The Defendant sent the CS T.M.'s name, date of birth, social security number, email address, phone number, and physical address. Weeks later, the Defendant notified the CS that he received fake identity cards with T.M.'s information and sent the CS images of the same. Days later, the Defendant provided the CI with a PO Box opened in the name of this stolen identity in Nashua, NH, for the purpose of receiving checks from the underlying scheme.

(f) From February 2015 until November 2017, the Defendant laundered or attempted to launder $213,200 worth of proceeds from the online auction fraud scheme, which involved over $1,500,000 worth of proceeds flowing through the Eastern District of Kentucky.

5. The statutory punishment for Count 1 is imprisonment for not more than 20 years, a fine of $250,000 or twice the gross gain or loss, and a term of supervised release of not more than 3 years. The punishment for Count 24 is imprisonment for not less than 2 years, to be served consecutive to any sentence imposed for conviction of Count 1, a fine of not more than $250,000 or twice the gross gain or loss, and a term of supervised release of not more than 1 year. A mandatory special assessment of $200 applies, and the

Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guidelines range.

*Aggravated Identity Theft*

(b) Pursuant to U.S.S.G. § 2B1.6, the guideline sentence is the term of imprisonment required by statute, two years, to be served consecutive to the sentence imposed for the wire fraud.

*RICO Conspiracy*

(c) Pursuant to U.S.S.G. § 2S1.1(a)(2), the base offense level is 8.

(d) Pursuant to U.S.S.G. §§ 2S1.1(a)(2) and 2B1.1(b)(1)(I), increase the offense level by 16 levels for a loss amount exceeding $1,500,000.

(e) Pursuant to U.S.S.G. § 2S1.1(b)(2)(C), increase the offense level by 4 levels for the defendant being involved in the business of laundering funds.

(f) Pursuant to U.S.S.G. § 2S1.1(b)(3), increase the offense level by 2 levels for the offense involving sophisticated laundering.

(g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(h) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

8. The Defendant will not file a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant also will not seek a sentence below the advisory sentencing guidelines range as determined by the Court at sentencing.

9. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure within 30 calendar days of executing this plea agreement. The Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs

participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document and the sealed supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky, the Computer Crime and Intellectual Property Section, and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 1/21/2020    By: _____
Kathryn M. Anderson
Assistant United States Attorney

Date: 1/21/2020    By: _____
Timothy C. Flowers
Senior Trial Attorney

Date: 1/21/2020    _____
Austin Edward Nedved
Defendant

7

Date: 1/21/2020

_____
Derek Gordon
Attorney for Defendant