**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CRIMINAL ACTION NO. 5:18-CR-81-REW**

**UNITED STATES OF AMERICA**                                                               **PLAINTIFF**

**V.**          **MOTION FOR PRELIMINARY ORDER OF FORFEITURE**
                 **FOR FORFEITURE MONEY JUDGMENT**

**AUSTIN NEDVED**                                                                         **DEFENDANT**

* * * * *

The United States moves for entry of a preliminary order of forfeiture consisting of a money judgment against Defendant Austin Nedved. In support of this motion, the United States asserts as follows and submits the Affidavit of Task Force Officer Nathan T. Moore (attached hereto as Exhibit A). A proposed Preliminary Order of Forfeiture also is tendered herewith.

The Defendant pleaded guilty to Count 1 (Conspiracy to Commit a RICO Offense in violation of 18 U.S.C. § 1962(d)) and Count 24 (Aggravated Identity Theft in violation of 18 U.S.C. § 1028A) of the Superseding Indictment [DE 249]. [Plea Agreement, DE 488.] The Superseding Indictment includes a forfeiture allegation requiring the Defendant to forfeit any proceeds of racketeering activity in violation of 18 U.S.C. § 1962, pursuant to 18 U.S.C. § 1963(a)(2). [DE 249 at 85-86.] Nedved stipulated at his Rearraignment to the forfeiture allegation contained in the Superseding Indictment. [Minute Entry from Rearraignment, DE 486; *see also* Recommendation to Accept Guilty Plea, DE 489 at 1.]

1

Under Federal Rule of Criminal Procedure 32.2(b)(1)(A), "[i]f the government seeks a personal money judgment, the court must determine the amount of money that the defendant be ordered to pay." The court may base its decision on evidence in the record, or the parties may request a hearing to present additional evidence. Fed. R. Crim. P. 32.2 (b)(1)(B). No party in this case has requested such a hearing.[1]

Any person who is convicted of conspiracy to commit a RICO offense in violation of 18 U.S.C. § 1962(d) is required to forfeit, among other things, any property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as a result of the violations. 18 U.S.C. § 1963(a)(2). As set forth in the Affidavit of TFO Moore, the Defendant obtained $37,775.20 in proceeds as a result of the racketeering offense to which he pled guilty. Nevertheless, as a result of the acts or omissions of the Defendant, the forfeitable proceeds cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court, have been substantially diminished in value; or have been commingled with other property which cannot be divided without difficulty, such that the United States is entitled to a money judgment as a substitute for that property. 18 U.S.C. § 1963(m).

WHEREFORE, the United States respectfully requests a forfeiture money judgment against the Defendant in the amount of $37,775.20.

---

[1] In light of the Defendant's guilty plea, the United States attempted to negotiate entry of an agreed order regarding the requested forfeiture money judgment, but has not received a response from the Defendant indicating whether he agrees or disagrees with this. Thus, given the impending sentencing proceeding, the United States is submitting this motion.

        Respectfully submitted,

        ROBERT M. DUNCAN, JR.
        UNITED STATES ATTORNEY

        s/ Haley Trogdlen McCauley
        Haley Trogdlen McCauley
        Assistant United States Attorney
        260 West Vine Street, Suite 300
        Lexington, Kentucky 40507
        Phone: (859) 685-4831
        Fax:  (859) 233-2658
        Haley.McCauley@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will notify all registered CM/ECF participants.

        s/ Haley Trogdlen McCauley
        Assistant U.S. Attorney