UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:18-CR-81

UNITED STATES OF AMERICA                                                                           PLAINTIFF

V.

AUSTIN EDWARD NEDVED                                                                          DEFENDANT

**UNITED STATES' SUPPLMENTAL BRIEF IN SUPPORT OF RESTITUTION**

\* \* \* \* \*

The United States, through undersigned counsel, in response to this Court's order, R. 925, submits this Supplemental Brief in Support of Restitution. The United States maintains its request that Defendant be jointly and severally liable with the other co-Defendants for $2,703,767.58, representing the total losses suffered by victims of the RICO conspiracy to which Defendant was involved.

Defendant's silence is telling. The United States previously requested Defendant be jointly and severally liable for all victim losses of the RICO conspiracy in which Defendant knowingly and voluntarily participated. R. 837. The United States bears the burden to prove these losses by a preponderance of the evidence. *See* 18 U.S.C. § 3664(e). However that burden exists when a dispute exists. *Id.* ("*Any dispute* as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence.") (emphasis added). Given Defendant's silence, there is no dispute as to the loss amount nor Defendant's liability for said loss. Therefore, Defendant should be jointly and severally liable for $2,703,767.58 of victim losses.

Regarding the apportionment of restitution liability for some defendants and not others in this lengthy, multi-defendant international fraud conspiracy, the United States concedes that its approach to restitution in the certain plea agreements may not have been the most effective and consistent

resolution to those matters, especially in light of the increasing volume of evidence supporting specifically identified victim losses.[1] However, given the contractual nature of the plea agreements pending in those matters, the United States took the difficult approach to maintain its predetermined apportioned restitution position for only those matters and, given the nature of a RICO conspiracy, seek joint and several restitution for all remaining defendants. The intention was to protect the contractual nature of plea agreements already entered into as well as preserve the rights of victims to obtain restitution.

Finally, money launderers are just as liable for victim losses as any fraudster – and in fact arguably more so as the money laundering activities allows the fraudsters to escape liability and continue to prey on more unsuspecting victims. Defendant's role was, knowing the breadth and scope of the criminal conduct, to continue advancing the goals of preying on U.S-based victims. *See* R. 444. While culpability may be higher as to those who perpetrated the fraud and managed the organization, restitution liability for a knowing, third-money launderer, is the same. Defendant does not escape restitution liability for the entire scheme simply because he failed to occupy a leadership role. Defendant's knowledge of the existence of the scheme, the breadth and scope of the scheme, and actions in furtherance of the scheme support his restitution liability for all victim losses. Defendant was a persistently present and available source of money laundering services during the major thrust of the fraud and money laundering activity, so his contributions, while limited by the dates provided in the plea agreement, were significant. In fact, Nedved's participation spanned the entire period of time the Confidential Source, as such, transacted with the fraudsters in this case.

For the foregoing reasons, the United States requests that Defendant be liable for $2,703,767.58 in restitution representing the total losses suffered by the victims, jointly and severally,

---

[1] To answer the how question, for some defendants, the United States applied the amount of money that the particular Defendant sent to the Confidential Source in the Eastern District of Kentucky, which was the proceeds of fraud. Correct or incorrect, this figure pertained only to the individual Defendant and did not account for the conspiratorial nature of this offense.

with each of Defendant's co-conspirators.

                              ROBERT M. DUNCAN
                              UNITED STATES ATTORNEY

By:   /s Rajbir Datta
       Assistant United States Attorney
       260 W. Vine Street, Suite 300
       Lexington, Kentucky 40507
       Phone: (859) 685-4923
       fax:   (859) 233-2533
       e-mail: rajbir.datta@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that October 12, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send the notice of electronic filing to all counsel of record.

                              s/ Rajbir Datta
                              Assistant U.S. Attorney