UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO.: 0643 5:18-CR-081-S-17

UNITED STATES OF AMERICA                                                        PLAINTIFF

V.

AUSTIN EDWARD NEDVED                                                          DEFENDANT

BRIEF IN SUPPORT OF DEFENDANT'S PRO SE
MOTION FOR A SENTENCE REDUCTION PURSUANT TO
AMENDMENT 821 OF THE SENTENCING GUIDELINES

Having submitted to this Honorable Court a *pro se* Motion for a Sentence Reduction under 18 United States Code Section 3582(c)(2), the Defendant, Austin Edward Nedved (hereinafter Mr. Nedved), now through Counsel, submits this Brief in support of the Motion. Generally, the Motion for a Sentence Reduction requests that the Court consider a sentence reduction pursuant to the Retroactive Application of Part A, Subpart 1 of Amendment 821 of the United States Sentencing Guidelines. This Brief is filed to support Mr. Nedved's specific request that his sentence be reduced by 13 months on Count 1 of the Superseding Indictment. Fifty-seven (57) months on Count 1 falls at the low end of the Guidelines range as calculated under Amendment 821, which is represents the same sentence in relation to the new Guidelines as his original sentence does to the 2018 Guidelines.

I.

INTRODUCTION

On January 21, 2020, Mr. Nedved entered a plea of guilty to Count 1 and Count 24 of the Superseding Indictment. He was sentenced under the 2018 Guidelines Manual on June 30, 2020.

On June 20, 2024, Mr. Nedved, *pro se*, filed with this Court his "Motion for a Sentence Reduction under 18 U.S.C. § 3582(c)(2)." Mr. Nedved is eligible for a sentence reduction under §4C1.1 consistent with the direction provided in §1B1.1 of the Guidelines Manual. The United States Probation Office originally calculated Mr. Nedved's criminal history points as zero, placing him in Criminal History Category I. Mr. Nedved was given a final offense level of 27 as to Count 1 after acceptance of responsibility and two specific offense enhancements. As to Count 2, the Guideline sentence for a defendant who was convicted under 18 U.S.C. § 1028A is two years, consecutive to any other term of imprisonment. Thus, his Guidelines range as calculated under the 2018 Guidelines was 70-87 months. The United States responded to Mr. Nedved's pro se Motion on July 3, 2024.

A reduced sentence of 57 months' imprisonment is appropriate for Mr. Nedved. His current sentence fits within Part B Subpart 1, the zero-point offender category impacted by the amendment. A sentence reduction of 13 months on Count 1 (while the 24-month consecutive sentence under Count 2 remains unchanged) is analogous to his original sentence. In 2024, as in 2020 when he was sentenced, Mr. Nedved's criminal history category remains Category I as to the conviction in the above-styled case. His guilty plea, and thus his acceptance of responsibility, addressed more than once in his *pro se* Motion, speak to the sincerity of Mr. Nedved's self-reproach. His new offense level under Amendment 821 is 25 when taking into account the new considerations for certain zero-point offenders in § 4C1.1.

Mr. Nedved candidly acknowledges that his struggles with drug use played a part in his participation in the offense conduct. He has participated in substance abuse treatment programs both while awaiting disposition and while incarcerated following sentencing. Upon serving out his

sentence, Mr. Nedved will be able to return to a stable home environment with his mother and father.

## II.

**A SENTENCE REDUCTION TO 57 MONTHS IS APPROPRIATE IN LIGHT OF THE FACTORS ENUMERATED IN §4C1.1, HIS PRIOR SENTENCE AT THE LOW END OF THE GUIDELINES RANGE, AND THE PERSONAL CIRCUMSTANCES OF THE DEFENDANT.**

### A.

**MR. NEDVED IS ELIGIBLE UNDER THE FACTORS ENUMERATED IN U.S.S.G. §4C1.1**

Amendment 821, Part B, which adds Part C to Chapter Four, allows for a two-point reduction for zero-point offenders who are not otherwise disqualified under the same. United States Sentencing Guidelines § 4C1.1 applies here because Amendment 821 specifies that its retroactive nature effects those whose release dates fall after February 1, 2024. Mr. Nedved's release date is scheduled for March 31, 2025. Additionally, he did not receive any criminal history points from Chapter Four Part A at the time of sentencing. The adjustment for certain zero-point offenders contained in §4C1.1 instructs that the offense level determined under Chapters Two and Three should be decreased by two levels if the defendant meets the criteria listed within. Mr. Nedved is not disqualified under U.S.S.G. §§ 4C1.1(a)(2)-(10). The United States agrees that Mr. Nedved is eligible to receive a sentence reduction under Part B of Amendment 821.

### B.

**THE 18 U.S.C. §3553(a) FACTORS SUPPORT THE ANALOGOUS REDUCTION**

The sentencing factors set forth in 18 U.S.C. §3553(a) supported the initial sentence of 70 months, representing the lowest end of the 70-87 months guideline range. These factors also support a sentence reduction that represents the lowest end of the Mr. Nedved's new Guideline's

range under Amendment 821. The analogous reduction is a total of 13 months, for a total sentence of 57 months on Count 1. Mr. Nedved's sentence on Count 24 remains at 24 months, the statutory penalty, to run consecutively. Originally sentenced to a total of 94 months, a 13-month reduction on Count 1 places the total sentence at 81 months. Thus, considering the 12-month sentence ordered to run consecutively to this sentence in his Massachusetts case on April 13, 2021, Mr. Nedved asks that the Bureau of Prisons be authorized to redistribute any months accrued in case to his Massachusetts sentence. As to the above-styled case, this arrangement would be appropriate in light of the circumstances of the offense and the history and character of the defendant. *18 U.S.C. 3553(a)(1)*.

Under Count 1, Mr. Nedved pleaded guilty to Conspiracy to Commit a RICO Offense. In its Response Regarding a Sentence Reduction, the United States spent the majority of its discussion regarding the nature and circumstances of the offense to the general dealings of the Alexandria Online Auction Fraud Network (AOAFN) and the impact that that network has had on victims to frauds and not to Mr. Nedved's specific offense conduct. Additionally, Mr. Nedved would point out that as to conviction in the U.S. District Court in Massachusetts, whether he is eligible for a sentencing reduction in that case is to be determined by that Court. The issue before this Honorable Court is whether he is eligible for and should receive a sentencing reduction in this case.

Even prior to conviction, Mr. Nedved began working on recovery and has remained committed to this effort throughout his incarceration. Mr. Nedved completed the Westcare inpatient substance abuse program on December 14, 2019. Since sentencing, he has engaged in multiple voluntary Bureau of Prisons programs including the Residence Drug Abuse Program, a 500-hour-plus substance abuse and mental-health program with intensive cognitive behavioral therapy. Mr. Nedved is currently enrolled in RDAP and has successfully met all benchmarks to

date. He remains committed to recovery, including substance abuse care and/or treatment, upon release, at which time he will be able to return to a stable home environment with his mother and father.

III.

CONCLUSION

A 13-month reduction in sentence from 70 months to 57 months on Count 1 of the Superseding Indictment is appropriate for Mr. Nedved, given that 57 months falls at the low end of the Guidelines range as calculated under Amendment 821. His eligibility for a reduction is uncontested. In highlighting his efforts in recovery while in custody as well as the opportunity to return to a stable and supportive environment upon release, Mr. Nedved respectfully requests a reduction of 13 months, which represents the equivalent sentence to that which he received under the 2018 Guidelines Manual.

WHEREFORE, and for all the reasons stated above, Mr. Nedved respectfully requests this Honorable Court to grant his Motion for a Sentencing Reduction and resentence Mr. Nedved to 57 months' incarceration, and to grant any other relief as this Court deems just.

Respectfully submitted,

  /s/ *Abraham Isa* Mashni
ABRAHAM ISA MASHNI
Mashni Law PLLC
271 W. Short Street, Suite 506
Lexington, KY 40507
(859) 201-3550
abe@kycriminaldefense.com
*Counsel for Mr. Nedved*

CERTIFICATE OF SERVICE

      This is to certify that a true and accurate copy of the foregoing has been served on all partis by electronic submission on this the 19th day of July 2024.

                                                         _/s/ Abraham Isa Mashni_
                                                         ABRAHAM ISA MASHNI