AO 247 (Rev. 03/19)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 4 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

Eastern  District of  Kentucky

United States of America  )
v.  )
   )  Case No:  5:18-CR-081-S-REW-17
Austin Edward Nedved  )
   )  USM No:  22407-032
Date of Original Judgment:  07/30/2020  )
Date of Previous Amended Judgment:       )  Abraham Isa Mashni
*(Use Date of Last Amended Judgment if Any)*  *Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of  ☒ the defendant  ☐ the Director of the Bureau of Prisons  ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.  ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of   94 months (70 + 24)   **is reduced to**   88 months (64 + 24)  .

*(See Page 2 for additional parts.  Complete Parts I and II of Page 2 when motion is granted)*

Defendant Austin Edward Nedved moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) in light of Amendment 821 to the Sentencing Guidelines. *See* DE 1606 (Motion). Amendment 821 consists of two retroactive amendments: Part A and Part B.  *See* U.S. Sent'g Guidelines Manual § 1B1.10 cmt. n.7 (U.S. Sent'g Comm'n 2023) [hereinafter 2023 Guidelines Manual]. Part A amended § 4A1.1 of the Sentencing Guidelines and limited the impact of status points on a defendant's criminal history category. *See id.* Under the amended § 4A1.1(e), a defendant will only receive a single status point if he committed the offense while under a "criminal justice sentence," and then only if he received 7 or more criminal history points through the prior subsections. *Id.* § 4A1.1(e). Previously, a defendant would receive 2 status points if he committed the offense while under a "criminal justice sentence," regardless of his total criminal history points. *See* U.S. Sent'g Guidelines Manual § 4A1.1(d) (U.S. Sent'g Comm'n 2021) [hereinafter 2021 Guidelines Manual]. Part B added a new guideline at § 4C1.1 that decreases the total offense level by two levels if the defendant did not receive any criminal history points under Chapter Four, Part A (a "Zero-Point Offender"), and the offense did not involve specific aggravating or disqualifying factors. *See* 2023 Guidelines Manual § 1B1.10 cmt. n.  Only Part B here applies.

Nedved's pro se filing initiated the issue.  *See* DE 1606.  The Court appointed counsel and received filings from both sides.  *See* DE 1617 (Order); 1610 (First Government Response); 1620 (Second Government Response); 1623 (Nedved Response).  The Court also received victim input pursuant to § 3771 and Rule 60.  *See* DE 1612; 1613.   Upon review of the entire record (the PIR and Judgment, the SOR, along with the briefing and victim responses), and the proper statutory and guideline standards, the Court finds that Nedved is eligible for a sentence reduction (for Count 1 only) pursuant to Part B.  Under the previous version of the Guidelines, Nedved had an offense level of 27 and a criminal history score of 0, earning him a criminal history category I.  *See* PIR (DE 763) ¶¶ 33, 40; DE 757 (Sentencing Minutes).  Nedved's corresponding guideline range was 70 to 87 months on Count 1 and 24 months (consecutive, by law) on Count 24.  *See id.* ¶ 81.  The Court sentenced Nedved to 70 months' imprisonment on Count 1, for his role in the RICO conspiracy, and 24 months on Count 24 (to be served consecutively) for aggravated identity theft, for a total of 94 months' imprisonment.  *See* DE 759 at 2 (Judgment).   Nedved was a critical domestic laundering cog in the destructive international fraud scheme.

In accordance with Part B, Nedved's offense level reduces by two, changing from 27 to 25.  Now at 25/I, Nedved's amended guideline range is 57 to 71 months.  The Government agreed that Nedved is eligible for a reduction, noting that the substantial financial hardship disqualifier, *see* U.S.S.G. § 4C1.1(a)(6), does not preclude relief.  *See* DE 1610 at 3-4.  However, the Government argued that the 70-month sentence is still justified.  *See id*. at 4-6.  The Government detailed Nedved's role in the scheme, including the impact the scheme had on the victims.  *See id*. at 4-5.  Upon being contacted, several victims stated that they oppose any sentence reduction for Nedved.  *See* DE 1612; DE 1613.  The Government also noted Nedved's now adjudicated behavior in the District of Massachusetts—which the Court, at sentencing, considered to be a bond violation—and Nedved's BOP infraction for possessing a can of tobacco.  *See id*. at 5-6; *see also* DE 980 (Sentencing Transcript).  The deplorable offense conduct certainly warranted the stout term imposed at the time and in the context then presented.

Nedved sought reduction to a cognate (low-end) sentence of 57 months.  *See* DE 1623 at 1.  Fifty-seven months would mirror the sentence the Court gave, relative to the range, under the original calculus.  *See id*. at 4-5.  Nedved focused on his path toward recovery—highlighting the impact that substance abuse had on his actions. Nedved completed the Westcare inpatient substance abuse program in December 2019, participated in multiple voluntary BOP programs, and is currently and compliantly enrolled in RDAP. *See* DE 1623 at 4.

Several things are true at the same time.  The grave crime and § 3553 purposes continue to demand attention.  However, the guideline range, a benchmarking factor, has now dropped as a result of systemic decisions by the Commission.  Although the Court considered criminal history before, that exercise does not subsume the range-changing amendment at issue.  The advisory guidelines have a role in the sentencing rubric, and when the range changes, the result typically also should see some modification, as a matter of proper weight and disparity avoidance.  All of the original values and analysis do still apply (including the crime scope, harm, Nedved's role and criminal ardor, and the bond violation).  Nedved does have the sole BOP infraction. The relatively minor infraction gives the Court some concern.  However, it is Nedved's only infraction and it occurred some three years ago.  The Massachusetts adjudication, though, is a notable change.  The Court previously noted probable cause regarding interim (bond) crime.  Now, the risks perceived are reified in the form of a federal conviction.  Nedved committed a federal felony on bond, and that cuts markedly against the amelioration of and behind the zero-point offender impact.

Ultimately, the Court finds that Nedved is both eligible for and entitled to a modest sentence reduction.  The nuances and particulars of the record dissuade the Court from any sort of lock-step result.  Rather, the Court accounts for all original values, blends in the amended range, considers the victims' plight, updates the context with a more fulsome understanding, and notes Nedved's mostly salutary behavior at the BOP.  Nedved's post-sentencing conduct shows mostly orientation toward respect for law; his involvement in BOP programming (with emphasis on drug treatment), and minor disciplinary record all signal, within the temporal period, some dulling of danger and recidivism risk.  However, the fact of an adjudicated felony from the bond period is a tempering consideration and colors properly the Court's reassessment of the sentencing.  When accounting for post-sentencing events, the bitter comes with the sweet.

The Court is sensitive to the victims' perspective on a sentence reduction for Nedved.  The victims still suffer from his criminality.  Nonetheless, given the Amendment, and the Court's previous consideration of the prior range at sentencing, the Court finds that Nedved is entitled to a sentence reduction.  In sum, the circumstances of the case as detailed in the full record and filings lead the Court, in its discretion, to reduce the carceral aspect of the sentence of Count 1 from 70 months to 64 months (which, given the mandatory impact of Count 24, yields a total sentence of 88 months). The sentence for Count 24 remains unchanged  This also results from consideration of each apt factor and element within § 3582(c)(2), 3553(a), and § 1B1.10.  The Court, on these specific terms, **GRANTS** in part DE 1606.

Case: 5:18-cr-00081-REW-MAS   Doc #: 1624   Filed: 08/26/24   Page: 3 of 3 - Page ID#: 14081

AO 247 (Rev. 03/19)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 3 of 4 (Page 2 Not for Public Disclosure)

Except as otherwise provided, all provisions of the judgment dated   07/30/2020   shall remain in effect.

**IT IS SO ORDERED**.

Order Date:   08/26/2024

Signed By:
Robert E. Wier
United States District Judge

*Judge's signature*

Effective Date: _____
*(if different from order date)*

Honorable Robert E. Wier, U.S. District Judge
*Printed name and title*