UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )| |
| Plaintiff,              ) | |
| ) | |
| v.                 ) | |
| ) | |
| ANDREI-CATALIN STOICA (1),       ) | |
| LIVIU-SORIN NEDELCU (3),        ) | No. 5:18-CR-81-REW |
| IONUT CIOBANU (4),           ) | AND |
| MARIUS-DORIN CERNAT (5),        ) | No. 0:20-CR-08-REW |
| ALEXANDRU ION (6),           ) | |
| STEFAN-ALEXANDRU PAIUSI (7),      ) | |
| EUGEN-ALIN BADEA (8),          ) | |
| ADRIAN MITAN (10),           ) | |
| BOGDAN-STEFAN POPESCU (11),       ) | ORDER |
| FLORIN ARVAT (12),           ) | |
| ALIN-IONUT DOBRICA (13),        ) | |
| VLAD-CALIN NISTOR (14),         ) | |
| ROSSEN IOSSIFOV (15),          ) | |
| BENIAMIN-FILIP OLOGEANU (16),      ) | |
| AUSTIN EDWARD NEDVED (17),       ) | |
| DIMITRIOUS ANTOINE BROWN (18),     ) | |
| ANDREW GILBERT YBARRA, II (20),    ) | |
| ) | |
| AND                  ) | |
| ) | |
| JOSHUA AARON VALLANCE (1),       ) | |
| ) | |
| Defendants.             | |

*** *** *** ***

The United States seeks to amend the undersigned's judgments as to eighteen defendants involved in 18-81 or the related cases. The focus is restitution. The Court has reviewed the full record; no responsive filing in opposition appears. However, at the time of the motion, most of

the defendants involved were incarcerated under final judgments and had no active counsel at the district court.

Undoubtedly, restitution followed a difficult path in the cases. Some of that was due to the sequence of case resolutions and changes in how the Government pursued restitution as the matter developed and evolved over time. Some of it resulted from variations in plea agreements across the defense roster. Further, USPO reported on restitution sometimes with specificity and sometimes more generally. Finally, on the merits, and from the Court's perspective, there often were thorny issues regarding a particular defendant's hand in the resulting loss. This owed to the breadth of the crime, differences in when defendants entered or left the conspiracy, and distinctions in role or place within the conspiracy. None of it was easy, and the product certainly is not perfect across a rambling, multi-year crime, which yielded a rambling, multi-year prosecution, one that in some respects continues even now. The case did not lend itself to an undifferentiated restitution result across all defendants and as to an imperfectly overlapping mass of victims. The Court generally employed § 3664(h) and an apportioned approach, which ensured full responsibility for a defendant's particular causal role in the damage and preserved with care full loss recovery for victims.

The Government has aims in the motions, some of which the Court agrees with and will accommodate. What the Court will not do, indeed cannot do, is substantively or procedurally amend a final judgment for anything other than a clerical error. The Stoica judgment has a one-digit typo in the hundreds column, and that change rightly falls under Rule 36 and is correctable. However, the Court will not, in the name of post-hoc restitution harmony, employ Rule 36 to upset the status or content of long-final judgments across the defense roster. The Rule pertains only to a clerical error in a judgment, a "mechanical, clerical mistake that an amanuensis might

commit." *United States v. Manns*, 277 F. App'x 551, 556 (6th Cir. 2008). The Rule does not extend to mistakes by the sentencing court or provide an opportunity to fill unexpressed gaps. *See United States v. Robinson*, 368 F.3d 653, 655–57 (6th Cir. 2004). To the extent the Government has complaints about verbiage, detail, or omissions in prior judgments, those are beyond the scope of Rule 36. Indeed, the United States did not file anything post entry regarding any of the targeted judgments until all were long-since final. Finality prevents the kind of overhaul the Government seeks.

That said, the Court will issue administrative guidance to the Clerk and to the parties, which in essence takes the Government close to its stated goals.

As to victim roster, the Court processed restitution, relative to each sentenced defendant, against a filed victim list (or as to some defendants like Brown and Mitan, lists) and its restitution order applied to the version or iteration in effect and current at the time of the respective judgment. The PIR worked from those lists, which the United States typically filed under seal in advance of each sentencing or the USPO referenced in the PIR. The Court sees nothing in § 3664 that would allow the Court to expand or modify the roster or totals, as to any defendant, after the fact. Because the restitution resolved at sentencing hinged on the PIR content, the filed victim list(s) as it stood for the sentenced defendant, and the Court's ruling, with notice to the defendant affected, the Court will not enlarge the roster now. The Court agrees that the n.1 summary in DE 1498 (in 18-81) correctly reports the applicable roster status, though as originally formulated (1084 for Brown, 1393-2 as to all defendants, 1395-2 for Stoica, 1226-2 as to Mitan, as applicable) but *not* with the additional victim now proffered.

The Court understands the payment mechanics theories contrasted in the Government's motion. If the Clerk is following the process described as "full reciprocity," the Court agrees

3

that the approach is not consistent with the Court's judgments in this case. Thus, to be clear, the Clerk shall follow these guidelines in administering restitution:

a. A particular victim's total loss is always the maximum that victim may recover.
b. An individual defendant's obligation will never exceed the total restitution obligation set forth in the judgment against him.
c. Payments toward restitution by a co-defendant *do not* reduce another defendant's obligation except to the extent that the victim's total loss amount ultimately acts as a limit on victim recovery. Thus, to quote the Government in the motion: "[P]ayments made by co-defendants are applied only to the total restitution balance owed to each victim . . . . Restitution payments will not be credited to the outstanding restitution obligations of [a] co-defendant[] unless a co-defendant's . . . obligation is coextensive with the total restitution balance owed to the victim." DE 1498 at 6. Other than acting to reduce a victim's outstanding loss total, if a defendant makes a payment, that payment will not reduce the obligation of any co-defendant.
d. As to payment distribution, the Clerk should disburse any payment from a defendant pro rata across the roster of victims applicable to the paying defendant.
e. A defendant's restitution obligation will be discharged if, and only if, the defendant has paid the full amount owed under that defendant's judgment or all victims attributable to that victim have otherwise been paid in full.

As such, the Court **GRANTS in part** and **DENIES in part** DE 1498 (in 18-81) and DE 84 (in 20-08) and Orders:

1. The Stoica restitution total is corrected, as to a clerical error, to $2,124,066.43.

2. The motion to amend otherwise is **DENIED**, though the Clerk shall administer the judgments under the restitution mechanics detailed in this Order.

This the 24th day of October, 2024.



Signed By:
*Robert E. Wier*
**United States District Judge**